Eric B. Myers, SBN 8588
McCRACKEN, STEMERMAN & HOLSBERRY, LLP
5241 Spring Mountain Road, Bldg. B
Las Vegas, NV 89146
Phone: (702) 386-5107
Facsimile: (702) 386-9848
Email:  ebm@msh.law

*Attorneys for Plaintiff UNITE HERE International Union*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| UNITE HERE International Union,<br><br>          Plaintiff,<br><br>     v.<br><br>RIVERBOAT COMPANY OF MISSISSIPPI LLC dba GOLDEN NUGGET BILOXI HOTEL AND CASINO,<br><br>          Defendant. | Case No. 2:26-cv-2177<br><br>**COMPLAINT TO COMPEL ARBITRATION**<br><br>**[Section 301 of the Labor-Management Relations Act of 1947, 29 U.S.C. § 185(a)]** |

UNITE HERE INTERNATIONAL UNION ("Plaintiff") files this action to compel Defendant RIVERBOAT COMPANY OF MISSISSIPPI LLC dba GOLDEN NUGGET BILOXI HOTEL AND CASINO ("Defendant") to arbitrate a dispute over the interpretation and application of a contract between Plaintiff and Defendant containing an arbitration clause.

**INTRODUCTION**

1.      The Plaintiff and Defendant are parties to a Memorandum of Agreement ("MOA") that sets forth certain understandings regarding union organizing and collective bargaining at Defendant's casino, the Golden Nugget Biloxi Hotel and Casino ("Golden Nugget") in Biloxi, Mississippi.  The MOA contains an arbitration clause pursuant to which the parties agreed that any disputes over the interpretation or application of the MOA would be submitted to binding and expedited arbitration.

1

2.      An interpretative dispute has arisen over whether certain obligations under that MOA—specifically, Defendant's commitment to maintain neutral with respect to the unionization of its employees—applies to Defendant's discharge of a union supporter.  Plaintiff contends that it may challenge through arbitration whether Defendant violated the MOA's obligation to remain neutral on unionization when it discharged the union supporter.  Defendant contends that the neutrality obligation applies only prior to its recognition of the Plaintiff as bargaining agent for its employees, but ceases to apply after it has recognized the union. Because it had already recognized the Plaintff as bargaining agent by the time it discharged the union supporter, Defendant contends that the neutrality obligation was not in effect and its application to the discharge cannot be arbitrated.

3.      The Plaintiff demanded to arbitrate the dispute over whether a post-recognition discharge is covered by the MOA, and if so, whether the discharge of the union supporter at issue violated the MOA.  Defendant has refused to arbitrate, contending that the dispute is not arbitrable.

4.      Plaintiff brings this action seeking an order of the Court compelling Defendant to arbitrate the dispute as one involving a question of the interpretation and application of the parties' contract.

## JURISDICTION AND VENUE

5.      The District Court has subject-matter jurisdiction over this lawsuit because it alleges a violation of a contract between an employer and a labor organization representing employees in an industry affecting commerce.  *See* 301 of the Labor Management Relations Act of 1947, as amended 29 U.S.C. § 185(a).   It therefore arises under federal law.  29 U.S.C. § 1331.

6.      Venue in proper in this judicial district because the MOA provides that this District Court shall have exclusive jurisdiction in any action concerning arbitration under its terms.  *See Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 134 S. Ct. 568, 187 L. Ed. 2d 487 (2013).

**PARTIES**

7.      Plaintiff is a labor organization as that term is defined in Section 2(5) of the National Labor Relations Act.  29 U.S.C. § 152(5), as amended.  Plaintiff is party to the MOA.

8.      Defendant operates the Golden Nugget Biloxi Hotel and Casino in Biloxi, Mississippi.  Defendant is an employer as that term is defined in Section 2(2) of the National Labor Relations Act, 29 U.S.C. § 152(2), as amended.  Defendant is party to the MOA.

**FACTUAL ALLEGATIONS**

9.      On or about February 15, 2024, the parties entered into the MOA, a true and correct copy of which is attached hereto as Exhibit A.  The MOA was in effect at all times material to this dispute and remains in effect at present.

10.      Paragraph 3 of the MOA states: "The parties mutually recognize that national labor law guarantees employees the right to form or select any labor organization to act as their exclusive representative for the purpose of collective bargaining with their employer, or to refrain from such activity."

11.      Paragraph 4 of the MOA states: "The Employer will take an approach of strict neutrality to unionization of Employees.  The Employer will not do any action nor make any statement that will directly or indirectly state or imply any opposition by the Employer to the selection by such Employees of a collective bargaining agent for the Employees, or preference for or opposition to any particular union as a bargaining agent for the Employees."

12.      Paragraph 9 of the MOA states, relevant part: "The Union may request recognition as the exclusive collective bargaining agent for such Employees. The Arbitrator identified in Paragraph 14, or another person mutually agreed to by Employer and Union, will conduct a review of Employees' authorization cards and membership information submitted by the Union in support of its claim to represent a majority of such Employees. The review shall take place within ten (10) days of the Union's request, absent mutual agreement to extend time. If that review establishes that a majority of such Employees has designated the Union as their exclusive collective bargaining representative or joined the Union, the Employer will recognize the Union as such representative of such Employees."

3

13. Paragraph 14 of the MOA provides for arbitration of disputes. It states: "The parties agree that any disputes over the interpretation or application of this Agreement shall be submitted to expedited and binding arbitration, with Barry Winograd serving as the arbitrator. If he is unavailable to serve within thirty (30) calendar days of notification then another mutually acceptable person, shall be the arbitrator. The arbitrator shall have the authority to determine the arbitration procedures to be followed. The arbitrator shall also have the authority to order the non-compliant party to comply with this Agreement. The United States District Court of Nevada shall have exclusive jurisdiction in any action concerning arbitration under this Agreement. The parties hereto agree to comply with any order of the arbitrator, which shall be final and binding, and furthermore consent to the entry of any order of the arbitrator as the order or judgment of the court, without entry of findings of fact and conclusions of law. The arbitrator or court shall have the authority to issue orders to maintain the status quo pending arbitration, and posting of bond shall not be required. Any party who unsuccessfully resists arbitration or an arbitration award under this Agreement shall be liable for the other party's legal fees and expenses for enforcement."

14. On or about November 21, 2025, the Employer recognized the Union as the exclusive collective bargaining representative for employees covered by the MOA following Arbitrator Winograd's review of authorization cards pursuant to paragraph 9 of the MOA.

15. On or about February 18, 2026, the Defendant discharged a bartender named Preston Earl ("Earl"). Earl was an open supporter of the Union and was known as such by Defendant. Earl was organizing his coworkers for the commencement of collective bargaining between the Plaintiff and Defendant when Defendant alleged he engaged in misconduct towards a guest that warranted his discharge.

16. The Plaintiff contends that the Defendant discharged Earl in retaliation for his protected, concerted activity in favor of the Plaintiff, and that the asserted reasons for the discharge were pretextual. Plaintiff further contends that by discharging Earl, Defendant violated Paragraphs 3 and 4 of the MOA.

17.    On or about February 26, 2026, the Plaintiff requested the Arbitrator to hold a hearing over the dispute.   Defendant refused to arbitrate.  It contends that because Earl's discharge occurred post-recognition, it could not have violated the MOA's neutrality provisions, which it claims were intended to apply only prior to recognition.  Defendant further contends that, because it considers its interpretation of the MOA to be correct, it has no obligation to arbitrate whether its interpretation of the MOA is correct or not.

**SOLE CAUSE OF ACTION**

18.    Incorporating paragraphs 1 through 17 as if fully set forth herein, the Plaintiff alleges as follows:

19.    Paragraph 14 of the MOA states that "[t]he parties agree that any disputes over the interpretation or application of this Agreement shall be submitted to expedited and binding arbitration, with Barry Winograd serving as the arbitrator."

20.    Whether a discharge that occurs after Defendant's recognition of the Plaintiff as exclusive bargaining agent can violate the MOA's neutrality provisions constitutes a dispute over the interpretation or application of the MOA.

21.    Whether the Defendant's discharge of Earl violated the MOA's neutrality provision based upon the facts and circumstances of the case also constitutes a dispute over the interpretation or application of the MOA.

22.    By refusing to submit the dispute to arbitration, Defendant has violated the MOA, justifying an order to compel arbitration.

23.     Paragraph 14 of the MOA provides that "[a]ny party who unsuccessfully resists arbitration or an arbitration award under this Agreement shall be liable for the other party's legal fees and expenses for enforcement."  Accordingly, Defendant is liable for Plaintiff's legal fees and expenses in enforcing the MOA.

**RELIEF REQUESTED**

Based upon the foregoing, the Plaintiff seeks the following:

1.    A declaration that the instant dispute is arbitrable.

2.    An order requiring Defendant to submit the dispute to arbitration.

5

3.   An award of its attorneys' fees and costs pursuant to paragraph 14 of the MOA.

Dated: July 17, 2026

Respectfully Submitted,

**McCRACKEN, STEMERMAN & HOLSBERRY**

*/s/Eric B. Myers*

Eric B. Myers, SBN 8588
5241 Spring Mountain Road, Bldg. B
Las Vegas, NV 89146
Phone: (702) 386-5107
Facsimile: (702) 386-9848
Email:  ebm@msh.law

*Attorneys for Plaintiff UNITE HERE International Union*